COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Beales and Senior Judge Annunziata


MARK O'HARA WRIGHT

                                                      MEMORANDUM OPINION[*]
v.      Record No. 1871-09-3                              PER CURIAM
                                                        MARCH 9, 2010
HARRISONBURG ROCKINGHAM
  SOCIAL SERVICES DISTRICT


              FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                            James V. Lane, Judge

          (Scott T. Hansen; Aaron L. Cook, P.C., on brief), for appellant.

          (Kim Van Horn Gutterman, Assistant County Attorney; Warren
          Picciolo, Guardian *ad litem* for the minor children, on brief), for
          appellee.


        Mark O'Hara Wright (father) appeals the termination of his residual parental rights to his

two daughters, pursuant to Code § 16.1-283(B) and (C)(2).  He argues the trial court erred in

finding the evidence sufficient to terminate his residual parental rights under either section.

Upon reviewing the record and briefs of the parties, we conclude this appeal is without merit,

and summarily affirm the decision of the trial court.  Rule 5A:27.

                                            I.

        When reviewing a decision to terminate parental rights, we presume the circuit court

"'thoroughly weighed all the evidence, considered the statutory requirements, and made its

determination based on the child's best interests.'"  Toms v. Hanover Dep't of Soc. Servs., 46

Va. App. 257, 265-66, 616 S.E.2d 765, 769 (2005) (quoting Fields v. Dinwiddie County Dep't of

Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)).  "'The trial court's judgment, "when

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it.""" Id. at 266, 616 S.E.2d at 769 (quoting Fields, 46 Va. App. at 7, 614 S.E.2d at 659 (other citation omitted)). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

Code § 16.1-283(B) provides in its pertinent part that the residual parental rights of a parent of a child found by the court to be neglected or abused and placed in foster care as a result of court commitment may be terminated if clear and convincing evidence proves that it is in the best interests of the child and that:

> 1. The neglect or abuse suffered by such child presented a serious and substantial threat to his life, health or development; and
>
> 2. It is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to his parent or parents within a reasonable period of time.
>
> Proof of any of the following shall constitute prima facie evidence of the conditions set forth in subdivision B 2 hereof:
>
> \* \* \* \* \* \* \*
>
> b. The parent or parents have habitually abused or are addicted to intoxicating liquors, narcotics or other dangerous drugs to the extent that proper parental ability has been seriously impaired and the parent, without good cause, has not responded to or followed through with recommended and available treatment which could have improved the capacity for adequate parental functioning . . . .

Here, the record contains credible evidence to support the trial court's decision to terminate father's residual parental rights to his children, and to support a finding that the Department of Social Services (DSS) proved by clear and convincing evidence the requirements necessary for termination under Code § 16.1-283(B).

"[V]iew[ing] the evidence in the light most favorable to [DSS,] the prevailing party below[,] and grant[ing] to it all reasonable inferences fairly deducible therefrom, see Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991), it established that on April 18, 2008, DSS removed the children from their mother's care pursuant to an emergency removal order. At the time of the children's removal, father was incarcerated. The trial court determined, while in their mother's care, the girls had been abused and neglected pursuant to Code § 16.1-228(4), because their mother had allowed others to sexually abuse her son, who also lived with father's children. Three months before the children were removed, father was a fugitive hiding at the residence of the children's mother. He was arrested at the residence in the presence of the girls. Father does not contest the trial court's finding that the girls had been abused and neglected.

The record reveals that father has habitually used or been addicted to intoxicating liquors for a lengthy period of time. Father's previous probation officers testified regarding father's extensive history of alcohol-related offenses, probation violations, and alcohol use. Although father received substance abuse treatment while incarcerated, after his release in September 2008, father resumed consuming alcohol. Despite warnings from DSS, father consumed alcohol immediately prior to his first scheduled visitation with his daughters following his release from prison. Father claimed at the termination hearing that he has been sober since October 7, 2008, the date of the visitation, but also admitted lying about his alcohol use on previous occasions. Father was tested only monthly since his release. Additionally, father was taking narcotic pain medication from an expired prescription during the time he claimed he was sober.

Father's probation officer testified that since father was placed on probation in 2000, he had yearly probation violations related to substance abuse. At the time of the termination

hearing, it had been less than a year since father's last violation for using alcohol. The record supports the trial court's conclusion that father habitually abused and was addicted to alcohol.

Additionally, the record indicates father's addiction to alcohol seriously impaired his ability to parent his children. Father had lost jobs due to his alcoholism, repeatedly violated his probation, and spent most of his daughters' lives incarcerated as a result. At the only visitation following his release, father had consumed alcohol before the meeting. He saw the girls only once in the eighteen months prior to the termination hearing. Despite having attended numerous substance abuse treatment programs, father has been unable to remain sober for a period of over six years.

"Virginia law recognizes the 'maxim that, sometimes, the most reliable way to gauge a person's future actions is to examine those of his past.'" Toms, 46 Va. App. at 267-68, 616 S.E.2d at 770 (quoting Petry v. Petry, 41 Va. App. 782, 793, 489 S.E.2d 458, 463 (2003)). In this regard, father's "'past actions . . . over a meaningful period serve as good indicators of what the future may be expected to hold.'" Winfield v. Urquhart, 25 Va. App. 688, 696-97, 492 S.E.2d 464, 467 (1997) (quoting Linkous v. Kingery, 10 Va. App. 45, 46, 390 S.E.2d 188, 194 (1990)).

Father had an extensive history of alcohol abuse and addiction, causing him to be unable to adequately parent his children. Based upon father's history, we find no error in the trial court's decision to terminate his parental rights under Code § 16.1-283(B).

In determining what is in the best interests of a child, this Court has stated:

> a court must evaluate and consider many factors, including the age and physical and mental condition of the child or children; the age and physical and mental condition of the parents; the relationship existing between each parent and each child; the needs of the child or children; the role which each parent has played, and will play in the future, in the upbringing and care of the child or children; and

such other factors as are necessary in determining the best interests of the child or children.

Barkey v. Commonwealth, 2 Va. App. 662, 668, 347 S.E.2d 188, 191 (1986).

The trial court concluded it was in the children's best interests to terminate father's parental rights. The record supports the court's determination.

## II.

Father also contends the trial court erred in terminating his residual parental rights pursuant to Code § 16.1-283(C)(2). Because we conclude the trial court's decision terminating father's parental rights was warranted under Code § 16.1-283(B)(2), we need not reach this issue. When a trial court's judgment is made on alternative grounds, we need only consider whether any one of the alternatives is sufficient to sustain the judgment of the trial court and, if we so find, need not address the other grounds. See Fields, 46 Va. App. at 8, 614 S.E.2d at 659 (termination of parental rights upheld under one subsection of Code § 16.1-283 forecloses need to consider termination under alternative subsections).

Accordingly, the trial court's decision is summarily affirmed. Rule 5A:27.

Affirmed.